IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: | |
| NERIUM BIOTECHNOLOGY, INC. | Case No.: 23-50890-mmp |
| Debtor. | Chapter: 7 |

TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY
WITH JOSEPH NESTER PURSUANT TO FED. R. BANKR. P. 9019

**This pleading requests relief that may be adverse to your interests. If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Hipolito F. Garcia Federal Building and United States Courthouse, 615 East Houston Street, Room 597, San Antonio, Texas 78205.**

**If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

COMES NOW, the Chapter 7 Trustee, John Patrick Lowe, and files this *Motion to Compromise Controversy with Joseph Nester* (the "Motion") pursuant to 11 U.S.C. §§ 105, 541, and Fed. R. Bankr. P. 9019, in support of which the Trustee would respectfully show as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A)

and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested herein is authorized under 11 U.S.C. §§105 and 541, as well as Bankruptcy Rule 9019(a).

## II. FACTUAL AND PROCEDURAL BACKGROUND

2. On July 9, 2023 (the "Petition Date"), Debtor Nerium Biotechnology, Inc. filed its voluntary petition for Chapter 7 bankruptcy.

3. John Patrick Lowe is the duly appointed Chapter 7 Trustee (the "Trustee") for the Debtor.

4. Joseph Nester (the "Defendant") is an individual resident of the Western District of Texas, living in Bexar County.

5. On June 27, 2025, the Trustee filed an adversary proceeding against Defendant seeking to avoid the Debtor's prepetition conveyance to Defendant of a Water Warranty Deed and Assignment of Permit Rights (the "Water Deed")[1] on the grounds that it was an actual or constructive fraudulent transfer. The adversary proceeding is case number 25-05054-mmp, styled *Lowe v. Chisos, Ltd.*, et al., pending in the U.S. Bankruptcy Court, Western District of Texas, San Antonio Division (the "Adversary").

6. After the filing of the Adversary, the Trustee and the Defendant engaged in informal settlement negotiations and, on September 11, 2025, a formal mediation before the Hon. Ronald B. King, during which the parties exchanged evidence and

---

[1] Doc. 202101897 in the Official Public Records of Medina County, Texas, a true and correct copy of which is attached as **Exhibit 1**. This deed was also recorded in the Official Public Records of Bexar County, Texas under Doc. 20210272511.

legal authorities on their respective positions. The parties' mediation concluded, the parties continued to engage, and the settlement described below was recently consummated.

### III. TERMS OF SETTLEMENT

13. After extensive negotiations, the Trustee and the Defendant reached the proposed settlement attached hereto as **Exhibit 2** (the "**Settlement Agreement**"), summarized as follows:

> (A) Defendant will convey to the Estate all title, interest, and rights he received under the Water Deed;
>
> (B) Defendant will waive and release all claims and causes of action he may have against the Estate, including but not limited to the claims asserted in Proof of Claim #9 filed against the Estate (the "Release of Claims"); and
>
> (C) Upon approval of the Settlement Agreement, the Trustee will file a stipulation of dismissal of all existing or potential claims of the Estate against the Defendant, including those claims asserted in the Original Complaint filed in the Adversary.

14. The Settlement Agreement represents the full agreement reached between the parties ("Settlement").

### IV. RELIEF REQUESTED

15. Pursuant to FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a), the Trustee requests that the Court approve the Settlement Agreement by entering the proposed order enclosed with this Motion.

16. Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

17. In deciding whether to approve a proposed settlement agreement or compromise of controversy, a bankruptcy court should consider the following factors:

    a. the probability of success on the merits and the resolution of the dispute;

    b. the complexity of the litigation being settled;

    c. the expense, inconvenience and delay associated with litigating the dispute; and

    d. the paramount interests of creditors.

*Foster Mortgage Corp. v. Connecticut General Life Ins. Co. (In re Foster Mortgage Corp.)*, 68 F.3d 914 (5th Cir. 1996); *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1158-59 (5th Cir. 1988), *cert. denied*, 105 S. Ct. 31 (1989); *U.S. v. Aweco, Inc. (In re Aweco, Inc.)*, 752 F.2d 293, 298 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984).

18. While it is necessary for the proponent of a compromise to set forth the factual and legal basis for the compromise so the court can make an intelligent and informed evaluation of the proposed settlement, it is not incumbent upon the proponent to present a mini-trial or a full evidentiary hearing. *Texas Extrusion*, 844 F.2d at 1158-59; *Aweco*, 725 F.2d at 298.

19. Pursuing the litigation against the Defendant would incur significant legal expense for the estate. In order to avoid the expense, uncertainty and the lengthy, fact-intensive litigation that may be involved in prosecuting the fraudulent transfer claims

relating to the property at issue, the Trustee prays that the Settlement be approved as being in the best interest of the Estate and the creditors.

## V. PRAYER

Trustee prays that the Court approve the requested compromise, enter the proposed order enclosed with this Motion, and for such other and further relief to which he is entitled.

Dated: November 17, 2025                         Respectfully submitted,


       /s/ Robert C. Rowe
Brian P. Shaw
Texas Bar No. 24053473
Mark A. Castillo
Texas Bar No. 24027795
Monica Latin
Texas Bar No. 00787881
Robert C. Rowe
Texas Bar No. 24086253
**CARRINGTON, COLEMAN, SLOMAN
 & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX 75202
Telephone: 214-855-3000
Email: bshaw@ccsb.com
       markcastillo@ccsb.com
       mlatin@ccsb.com
       rrowe@ccsb.com

**SPECIAL COUNSEL FOR
JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes **all parties shown on the attached Service List** via first class mail, postage prepaid and the parties listed below on this 17th day of November, 2025.

| | |
|---|---|
| **DEBTOR:** | **ATTORNEY FOR DEBTOR:** |
| **Nerium Biotechnology, Inc.** | Morris Eugene White, III |
| 5886 De Zavala Road, Suite 102 | 100 NE Loop 410, Suite 615 |
| San Antonio, TX 78249 | San Antonio, TX 78216 |
| | |
| **Via ECF Notice to Counsel** | **Via ECF Notice** |
| | |
| **TRUSTEE:** | **US TRUSTEE:** |
| John Patrick Lowe | Office of the US Trustee |
| 2402 East Main Street | 615 E. Houston Street, Suite 533 |
| Uvalde, TX 78801 | San Antonio, TX 78205 |
| | |
| **Via ECF Notice** | **Via ECF Notice** |

**ATTORNEY FOR JOSEPH NESTER**
William R. Davis, Jr.
Langley & Banack, Inc.
745 E. Mulberry Avenue, Suite 700
San Antonio, TX 78212
wrdavis@langleybanack.com

**Via ECF Notice**

                                                            */s/ Robert C. Rowe*
                                                            Robert C. Rowe