# SETTLEMENT AGREEMENT AND RELEASE

**EXHIBIT 2**

This Settlement Agreement and Release (this "Agreement") is entered into as of October 30, 2025 (the "Effective Date"), by and between (a) John Patrick Lowe, Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate (the "Estate") of Debtor Nerium Biotechnology, Inc. ("Debtor") and (b) Joseph Nester (the "Nester"). Collectively, Trustee and Nester shall be referred to as the "Parties".

## BACKGROUND

WHEREAS, on July 9, 2023, Nerium Biotechnology, Inc., filed for Chapter 7 bankruptcy protection, Cause No. 23-60890-mmp, styled as *In re Nerium Biotechnology Inc.* (the "Bankruptcy Case");

WHEREAS, on October 9, 2023, Nester asserted claims against the Estate by filing a Proof of Claim in the Bankruptcy Case, docketed as Claim #9-1 (the "Proof of Claim");

WHEREAS, on June 27, 2025, the Trustee initiated an adversary proceeding against Nester and others by filing the Trustee's Original Complaint to Avoid and Recover (the "Complaint");

WHEREAS, the adversary proceeding, styled as *John Patrick Lowe v. Joseph Nester, et al*, and numbered as Adv. No. 25-05054-mmp (the "Litigation");

WHEREAS, by and through the litigation, among other things the Trustee sought to recover water rights to the Edwards Aquifer, legally described on <u>Attachment 1</u>, which Debtor conveyed to Nester on September 29, 2021 by warranty deed and for which Nester holds Edwards Aquifer Authority Permit 200-292 (the "Property")[1] claiming, among other things, that the transfer of water rights was fraudulently made; and

WHEREAS, the Parties have reached a settlement of the Dispute (as defined in paragraph 4(b) below).

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

## AGREED TERMS

1. <u>Actions by Nester</u>. Nester shall (i) convey the Property to the Estate by delivering to the Trustee a fully executed original warranty deed prepared by the Trustee, and (ii) file a withdrawal of the Proof of Claim, as consideration for the Trustee releasing and dismissing all claims against Nester in the Litigation. Nester represents and warrants that the water rights he is agreeing to convey to the Trustee under this Agreement

---

[1] The term "Property" shall include any and all real property interests which the Debtor transferred to Nester. The deed was recorded as Doc. 202101897 in the Official Public Records of Medina County, Texas, and in the Official Public Records of Bexar County, Texas under Doc. 20210272511.

constitute all real, mineral, and water property that Nester received from Nerium Biotechnology, Inc.

(a) Delivery of the warranty deed for the Property to the Trustee and the withdrawal of the Proof of Claim must be completed no later than November 10, 2025 (the "Compliance Deadline"), provided that the United States Bankruptcy Court has approved the Parties' settlement pursuant to Rule 9019 FED.R.BANKR.P.

(b) If a motion to approve the terms of the settlement agreement is pending, but the order approving the terms of the Agreement has not yet been signed by the Court, on November 10, 2025, the Compliance Deadline shall automatically be extended to five (5) business days following the date of the Order approving the terms of this Agreement. The Parties will act in good faith and with reasonable diligence to have set and heard the 9019 motion. If the Court does not sign an order approving the Agreement on or before February 27, 2026, the Agreement shall be void and of no force or effect.

2. <u>Attorney's Fees</u>. The Parties acknowledge and agree that they are solely responsible for paying any attorney's fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorney's fees or costs from the other Party, except as provided herein.

3. <u>Taxes</u>. Each party shall be solely responsible for, and is legally bound to make payment of any taxes determined to be due and owing (including penalties and interest related thereto) by it to any federal, state, local, or regional taxing authority as a result of the Settlement Payment.

4. <u>Mutual Release</u>. The Parties, on behalf of themselves, their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates, and assigns, and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, and assigns, and each of them, hereby release and discharge the other Party, together with their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest, and each of them, from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorney's fees and costs actually incurred), and punitive damages, of any nature whatsoever, known or unknown, which either Party has, or may have had, against the other Party, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from:

     (a)    The claims and causes of action asserted in the Complaint against Nester, including but not limited to the allegations that the Property conveyed to Nester was made in violation of §§548(a)(1)(A) and (B) of the Bankruptcy Code and the Texas Uniform Fraudulent Transfers Act or that Nester aided, abetted, knowingly participated or conspired in breaches of fiduciary duty (the "Dispute");

     (b)    The Proof of Claim;

     (c)    The Litigation;

     (d)    any other matter between Nester and the Debtor or the Estate;

     (e)    any other matter between the Parties; and/or

     (f)    any claims under federal, state, or local law, rule, or regulation.

This Agreement resolves any claim for relief that is, or could have been alleged, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs, and attorney's fees related to or arising from any action, agreement, matter, or claims set out in this paragraph, including, without limitation, the Dispute. It is the intent of the Parties that these are broad form general releases.

The Parties also covenant not to sue each other for any claims released by this Agreement.

    5.    <u>No Outstanding or Known Future Claims/Causes of Action</u>. Each Party affirms that it has not filed with any governmental agency or court any type of action or report against the other Party, other than the Litigation, and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in paragraph 4 above.

    6.    <u>Acknowledgment of Settlement</u>. The Parties, as broadly described in paragraph 4 above, acknowledge that (a) the consideration set forth in this Agreement, which includes, but is not limited to, the Settlement Payment, is in full settlement of all claims or losses of whatsoever kind or character that they have, or may ever have had, against the other Party, as broadly described in paragraph 4 above, including by reason of the Dispute and (b) by signing this Agreement, and accepting the consideration provided herein and the benefits of it, they are giving up forever any right to seek further monetary or other relief from the other Party, as broadly described in paragraph 4 above, for any acts or omissions up to and including the Effective Date, including, without limitation, the Dispute.

    7.    <u>No Admission of Liability</u>. The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that

3

payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Nester and is not to be construed as an admission that Nester engaged in any wrongful, tortious, or unlawful activity. Nester specifically disclaims and denies (a) any liability to Trustee or Debtor and (b) engaging in or participating in a fraudulent transfer or any other wrongful, tortious, or unlawful activity.

8. <u>Stipulation of Dismissal</u>. Within ten days following the completion of both (i) Nester's delivery to the Trustee of the warranty deed to the Property, and (ii) Nester's filing of the withdrawal of the Proof of Claim, Trustee and his counsel shall execute a stipulation of dismissal of all existing or potential claims asserted by Trustee in the Complaint. Such dismissal as to Nester shall be complete with prejudice and without costs or fees. Nester will cooperate with the Trustee in securing the dismissal of Nester from the Litigation as appropriate.

9. <u>Agreement is Legally Binding</u>. The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs, and estates. Moreover, the persons and entities referred to in paragraph 4 above, but not a Party, are third-party beneficiaries of this Agreement.

10. <u>Entire Agreement</u>. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

11. <u>New or Different Facts: No Effect</u>. Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

12. <u>Interpretation</u>. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

13. <u>Choice of Law</u>. This Agreement and all related documents, and all matters arising out of the Litigation or relating to this Agreement, whether sounding in contract,

tort, or statute are governed by, and construed in accordance with, the laws of the State of Texas.

    14. <u>Attorney's Fees</u>. In the event of any litigation to enforce this Agreement, the prevailing party will be entitled to recover its reasonable attorney's fees and other costs of collection.

    15. <u>Reliance on Own Counsel</u>. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise. The Parties waive any claim for fraudulent inducement.

    16. <u>Counterparts</u>. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

    17. <u>Authority to Execute Agreement</u>. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants, and/or other restrictions placed upon them by their respective entities.

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

[SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

**Attorney for Plaintiff/Chapter 7 Trustee:**

Approved as to Form:

_____

Brian Patrick Shaw, Jr.

Carrington, Coleman, Sloman & Blumenthal, LLP

901 Main Street, Ste. 5500

Dallas, Texas 75202

Dated: _____

Agreed:

_____

John Patrick Lowe, Chapter 7 Trustee, Plaintiff

Dated: _____

**Attorney for Joseph Nester:**

Approved as to Form:

_/s/ William R. Davis, Jr._

William R. Davis, Jr.

Langley & Banack, Inc.

745 E. Mulberry Ave., Ste. 700

San Antonio, Texas 78212

Dated: November 14, 2025

Agreed:

_/s/ Joseph Nester_

Joseph Nester

Dated: Oct 30, 2025

6

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

**Attorney for Plaintiff/Chapter 7 Trustee:**

Approved as to Form:

_____
Robert Rowe
w/ permission of Brian P. Shaw

Brian Patrick Shaw, Jr.

Carrington, Coleman, Sloman & Blumenthal, LLP

901 Main Street, Ste. 5500

Dallas, Texas 75202

Dated: _____

Agreed:

_____

John Patrick Lowe, Chapter 7 Trustee, Plaintiff

Dated: November 8 2025

**Attorney for Joseph Nester:**

Approved as to Form:

_____

William R. Davis, Jr.

Langley & Banack, Inc.

745 E. Mulberry Ave., Ste. 700

San Antonio, Texas 78212

Dated: _____

Agreed:

_____

Joseph Nester

Dated: _____

6

ATTACHMENT 1

(Legal Description of Property)

**9.333 acre-feet per year of Edwards Aquifer permitted unrestricted irrigation groundwater, described in Edwards Aquifer Authority's (EAA) Permit Number 107-587 recorded with the Bexar County Clerk. Official Public Records. Bexar County. Texas.**